J-S43026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL EUGENE CAMERON | : | |
| | : | |
| Appellant | : | No. 61 WDA 2018 |

Appeal from the PCRA Order February 12, 2016
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000342-2013

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                                    **FILED JUNE 06, 2019**

Appellant, Daryl Eugene Cameron, appeals from the February 12, 2016 Order entered in the Mercer County Court of Common Pleas dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, J. Jarrett K. Whalen, Esquire, has filed a Petition to Withdraw as Counsel and an accompanying ***Turner***/***Finley*** "no-merit" letter.[1] After careful review, we grant counsel's Petition to Withdraw and affirm the PCRA court's Order.

We need not recite in detail the underlying facts to address this appeal. Briefly, on September 16, 2013, Appellant entered into a negotiated guilty

_____

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

plea to one count of Aggravated Indecent Assault[2] following an incident that took place on February 25, 2013. On January 27, 2014, the trial court sentenced Appellant to the negotiated term of 4 to 8 years' incarceration.[3, 4]

On February 20, 2014, Appellant filed a Motion to Modify Sentence *Nunc Pro Tunc*, which the court denied that same day. Appellant did not file a direct appeal from his Judgment of Sentence. Appellant's Judgment of Sentence, thus, became final 30 days later, on March 24, 2014.[5]

On July 24, 2014, Appellant filed *pro se* his first PCRA Petition alleging that his trial counsel had been ineffective. The PCRA court appointed counsel who filed an Amended PCRA Petition on October 8, 2014. In his Amended Petition, Appellant claimed that his trial counsel had provided ineffective assistance because he was not prepared for trial. Appellant also contended

---

[2] 18 Pa.C.S. § 3125(a)(4).

[3] On December 31, 2013, Appellant filed a Motion to Withdraw Plea of Guilty. However, on January 28, 2014, the trial court entered an Order withdrawing the Motion at Appellant's request. The docket reflects that, on March 10, 2014, Appellant filed another Motion to Withdraw Guilty Plea. On March 28, 2014, the court entered an order denying the Motion, noting that "it appear[s] that the request was made by someone other than [Appellant], and [Appellant does not desire] to withdraw his plea." Order, dated 3/28/14.

[4] Appellant's conviction of Aggravated Indecent Assault classified him as a Tier III sexual offender, and required him to comply with the lifetime registration and reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.14(d); 9799.15(a)(3).

[5] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. The thirtieth day after February 20, 2014, was Saturday March 22, 2014.

that he had involuntarily entered his guilty plea. Amended Petition, dated 10/8/14, at ¶ 5.

The PCRA court held a hearing on Appellant's Petition, after which it concluded that neither of Appellant's claims had merit. It, thus, denied Appellant's Petition on November 25, 2014. Appellant did not file a Notice of Appeal from the PCRA court's Order.

On February 6, 2015, Appellant filed *pro se* a "Petition to Reinstate PCRA Petition *Nunc Pro Tunc* and Act as First PCRA." In this "Petition," Appellant claimed that he "was denied his right to waive other appeal issues by his appellant [*sic*] counsel, which in term [*sic*] appellant [*sic*] counsel was ineffective for failing to raise claims or file a No-Merit Letter." Petition, dated 2/6/15, at ¶ 3. On February 10, 2015, the PCRA court denied Appellant's Petition.

On July 8, 2015, Appellant filed *pro se* a Petition for Transcripts. The PCRA court denied this Petition the next day noting that Appellant had not appealed from the denial of his PCRA Petition and no matters were pending. Order, 7/9/15.[6]

On January 8, 2016, Appellant filed *pro se* the instant second PCRA Petition, alleging PCRA counsel had provided ineffective assistance by failing to file a timely appeal from the Order dismissing his first PCRA Petition. He

---

[6] The lower court docket reflects that Appellant renewed this request by letter dated August 31, 2015. The PCRA court denied this "informal" request on September 4, 2015.

averred that his counsel should have known that Appellant would have wanted to appeal from the denial of his first PCRA Petition, and claimed that his counsel erred by not filing a Petition to Withdraw as Counsel. PCRA Petition, dated 1/8/16, at 3. He further alleged his counsel was ineffective for not notifying Appellant that the PCRA court had denied his Petition. *Id.* He sought reinstatement of his right to appeal from the court's Order dismissing his first PCRA Petition.

On January 11, 2016, the PCRA court issued a Notice of Intent to Dismiss the Petition without a hearing pursuant to Pa.R.Crim.P. 907.[7] On February 12, 2016, the PCRA court dismissed Appellant's second Petition as untimely. Appellant did not file a timely Notice of Appeal from this Order.

On August 23, 2017, Appellant filed *pro se* his third PCRA Petition, in which he claimed that, pursuant to the holding in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (OAJC), he is serving an illegal sentence. Petition, dated 8/23/17, at 3. The PCRA court appointed counsel, who filed a *Turner*/*Finley* letter on October 17, 2017.

On October 23, 2017, the PCRA court advised Appellant of its intent to dismiss his Petition without a hearing pursuant to Rule 907, noting that *Muniz* "only held that the retroactive application of SORNA was unconstitutional and

_____

[7] On January 19, 2016, Appellant sent the PCRA court a letter regarding the dismissal of his PCRA Petition. Following this Court's review of the letter, it does not appear that is in the nature of a Response to the court's Rule 907 Notice, but rather a rambling diatribe against the court and its prior rulings.

was[, therefore,] not applicable to [Appellant's] case." PCRA Ct. Rule 1925(a) Op., dated 3/27/18, at 7.

On November 13, 2017, counsel filed an Amended PCRA Petition claiming that the Mercer County Clerk of Courts improperly obstructed Appellant's right to appeal from the PCRA court's February 12, 2016 Order dismissing his second PCRA Petition, and requesting the reinstatement of his appeal rights *nunc pro tunc*.

On December 1, 2017, the PCRA court issued an Order reinstating Appellant's direct appeal rights *nunc pro tunc* with respect to the second PCRA Petition, and denying the remaining claims in Appellant's third PCRA Petition.

This timely appeal from the denial of Appellant's second PCRA Petition followed.[8]  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[9]

On May 21, 2018, Attorney Whalen filed in this Court a Petition to Withdraw as Counsel along with a ***Turner/Finley*** no-merit letter.[10]  Attorney

---

[8] Subsequently, on January 18, 2018, Appellant filed *pro se* a fourth PCRA Petition.  By Order dated January 22, 2018, the PCRA court stayed disposition of the fourth Petition pending resolution of this appeal.

[9] At a hearing on January 30, 2018, the PCRA court appointed Attorney Whalen, who had been appointed to represent Appellant in his third PCRA Petition, as counsel to represent Appellant for this appeal of his second PCRA Petition.

[10] Counsel also submitted a "Brief of Appellant" with a copy of the ***Turner/Finley*** letter annexed as Exhibit "D".  That Brief provides a restatement of the procedural history of the case, and in the "Argument" section notes that Appellant untimely filed his second PCRA Petition without raising any exceptions to the PCRA's one-year filing requirement. Counsel

Whalen concluded that there were no non-frivolous issues to be raised on appeal. Appellant filed a response to Attorney Whalen's Petition to Withdraw as Counsel.

In the Brief, Appellant raises the following issue for our review:

Whether [PCRA] court erred when [it] dismissed Appellant's [second PCRA] Petition without a hearing?

Appellant's Brief at 4.

Before we consider Appellant's argument, we must review Attorney Whalen's request to withdraw as counsel. Pursuant to **Turner/Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. **Id.** The court then conducts its own independent review of the record to determine if the Petition is meritless. **Id.** Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

_____

concludes that there are no non-frivolous arguments which would support any of the exceptions to the PCRA's time requirements.

Our review of the record discloses that Attorney Whalen has complied with each of the above requirements. In addition, Attorney Whalen sent Appellant copies of the ***Turner***/***Finley*** "no merit" letter and his Petition to Withdraw, and advised him of his rights in lieu of representation. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Whalen has complied with the ***Turner***/***Finley*** requirements, we will proceed with our independent review of the record and merit of Appellant's claim.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

A petitioner has no right to a PCRA hearing. ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa. Super. 2008). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further procedings." ***Id.*** (citation omitted).

Appellant alleged in his second PCRA Petition that counsel who represented him during his first PCRA Petition was ineffective for failing to file a timely appeal from the Order dismissing that PCRA Petition and for not notifying Appellant that the PCRA court had denied his Petition.

A PCRA Petition must be filed within one year of the date the underlying Judgment becomes final; a Judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his petition within 60 days of the date he could have presented his claim. 42 Pa.C.S. § 9545(b)(2).[11] This second Petition, filed on January 8, 2016—almost 2 years after his Judgment of Sentence became final—is facially untimely.

Appellant has not invoked or argued that any timeliness exception applies to his claim. Accordingly, we are without jurisdiction to review Appellant's issue.

Order affirmed. Petition to Withdraw as Counsel granted.

---

[11] The legislature recently amended 42 Pa.C.S. § 9545(b)(2) so that, effective December 24, 2018, a petitioner must file his petition asserting a timeliness exception within one year of the date he could have presented his claim. *See* Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective Dec. 24, 2018 (providing that "the amendment of subsec. (b)(2) by that Act shall apply to claims arising on Dec. 24, 2017 or thereafter").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/6/2019